**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LARRY PITCHFORD** **PLAINTIFF**
***ADC #153565***

**v.** **No: 4:23-cv-01181-PSH**

**ESTELLA BLAND, *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION AND ORDER

## I. Introduction

Plaintiff Larry Pitchford filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 13, 2023 (Doc. No. 2). He is incarcerated at the Arkansas Division of Correction's Varner Unit. The Court granted Pitchford's application to proceed *in forma pauperis* and instructed him to file an amended complaint to clarify his claims (Doc. No. 8). The Court warned Pitchford that an amended complaint would render his original complaint without legal effect and that only claims properly set out in his amended complaint would be allowed to proceed. *Id.* He subsequently filed an amended complaint naming APN Estella Bland and Dr. Carlisle as defendants (Doc. No. 11). Liberally construing Pitchford's amended complaint for screening purposes, the Court allowed Pitchford's claims against Bland based on her treatment of his hernia from 2020 through 2022 to proceed and dismissed Pitchford's

remaining claims for failure to state a claim upon which relief may be granted.[1] *See* Doc. Nos. 12 & 15.

Before the Court is a motion for summary judgment, brief in support, and statement of undisputed facts filed by Bland (Doc. Nos. 30-32). Pitchford was notified of his opportunity to file a response and a separate statement of facts (Doc. No. 33). He filed a response (Doc. No. 38), but no statement of disputed facts. Because Pitchford failed to controvert the facts set forth in Bland's statement of facts, Doc. No. 32, those facts are deemed admitted. *See* Local Rule 56.1(c). Bland's statements of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute, and she is entitled to judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir.

---

[1] These dismissed claims include Pitchford's assertion that Bland and other providers did not provide appropriate follow-up care after his hernia was surgically repaired in December 2022. *See* Doc. No. 12 at 3-4.

2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

In *Reed v. City of St. Charles, Mo.*, 561 F.3d 788 (8th Cir. 2009), the Eighth Circuit Court of Appeals discussed the requirement that facts be viewed in the light most favorable to the nonmoving party when considering a motion for summary judgment. The Court stated, "[i]f 'opposing parties tell two different stories,' the court must review the record, determine which facts are material and genuinely disputed, and then view those facts in a light most favorable to the non-moving party—as long as those facts are not so 'blatantly contradicted by the record . . . that no reasonable jury could believe' them." *Id.* at 790 (*quoting Scott v. Harris*, 550 U.S. 372, 380 (2007)).

## III. Facts[2]

On March 2, 2020, Pitchford presented to Health Services with complaints of a hernia with his symptoms beginning approximately three weeks prior. Doc. No. 32-2. Bland examined Pitchford and noted a one-inch bulge in the left groin that was easily reduced with palpitation and showed no indication of scrotum involvement. *Id.* Bland ordered ibuprofen to manage Pitchford's pain and counseled Pitchford to avoid strenuous activities. *Id.*

On April 17, 2020, Pitchford was released from ADC custody; Pitchford returned to ADC custody on February 22, 2022. Doc. No. 32-4.

---

[2] These facts were taken from the statements of fact and evidence provided. Opinions, legal conclusions, and immaterial facts are omitted. All quotations are transcribed verbatim without any corrections for misspellings or mistakes.

On February 23, 2022, Pitchford presented to Health Services for treatment related to his hernia. Doc. No. 32-5. Non-party Virgina Strickland ordered weight restrictions and counseled Pitchford to return to Health Services as needed. *Id.*

On April 11, 2022, Pitchford presented to Health Services with complaints of hernia pain. Doc. No. 32-6. He informed Bland that he did not seek treatment while he was released from prison. *Id.* Bland noted a 1.5-inch bulge to the left scrotum, which reduced easily. *Id.* Bland ordered acetaminophen for pain management. *Id.*

On June 27, 2022, Pitchford presented to Health Services with complaints of hernia pain. Doc. No. 32-7. Bland performed a scrotal examination and noted no change from previous visit. *Id.* Bland continued Pitchford's acetaminophen prescription and counseled him to return to Health Services as necessary. *Id.*

On September 16, 2022, Pitchford presented to Health Services with complaints of worsening pain related to his hernia. Doc. No. 32-8. Non-party nurse practitioner Joshua Voque noted a moderate amount of bowel descending into Pitchford's left testicle and ordered a general surgery consultation. *Id.*

On December 6, 2022, Pitchford underwent surgical repair of his hernia. Doc. No. 32-9.

***Dr. Nicholas Gowen's Opinion***

Dr. Nicholas Gowen, a non-party medical doctor, signed two affidavits in support of the Medical Defendants' motion for summary judgment. Doc. No. 32-3,

*Affidavit of Nicholas Gowen, M.D.* Dr. Gowen is a hospitalist at the Central Arkansas Veterans Healthcare Administration and an Assistant Professor of Medicine at the University of Arkansas for Medical Sciences. *Id.* at ¶ 2. He is Board Certified in Internal Medicine. *Id*. Dr. Gowen reviewed Pitchford's medical records to determine if he received appropriate care for his left inguinal hernia from 2020 to 2022. *Id.* at ¶ 3. Dr. Gowen explained that an inguinal hernia occurs when abdominal tissue bulges through an opening in the lower abdominal wall, which separates the abdomen from groin. *Id.* at ¶ 4. He stated that inguinal hernias can cause pain and discomfort and occur in approximately 25% of the male population. *Id.* Dr. Gowen explained that treatment for inguinal hernias include monitoring, diet and life-style changes, and surgical repair. *Id.*

Based on Dr. Gowen's review of the records, as well as his education, training, and experience, he found that Bland's care and treatment of Pitchford's hernia was appropriate and adequate from 2020 through 2022. *Id.* at ¶ 7. Specifically, Dr. Gowen agreed that it was appropriate for Bland to monitor Pitchford's hernia and utilize non-surgical interventions. *Id.* at ¶ 6. He further found that Pitchford was appropriately referred to surgery after his condition was found to have worsened in September 2022. *Id.*

## IV. Analysis

The Eighth Amendment's proscription of cruel and unusual punishment

obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble,* 429 U.S. 97, 102–03 (1976). To succeed with an inadequate medical care claim, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997). This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it. *Id.; see also Farmer v. Brennan,* 511 U.S. at 837; *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

The undisputed material evidence in the record does not establish that Bland was deliberately indifferent to Pitchford's serious medical needs between 2020 and 2022. She examined him only once in 2020 and noted a one-inch bulge in his groin that was easily reducible. Bland ordered ibuprofen to manage his pain and counseled him to avoid strenuous activities. Pitchford was released from ADC custody for almost two years, and he did not seek treatment from his hernia during that time. He was seen by another provider in February 2022, relating to his hernia complaints. That provider ordered weight restrictions and counseled Pitchford to

return to health services, as needed. Bland examined Pitchford in April 2022 and June 2022, and found the hernia reducible on both visits. She ordered pain medication each time and advised him to return to health services as needed. When Pitchford returned to health services again in September 2022, another provider found that Pitchford's bowel had descended into his left testicle and ordered a surgery consult. The hernia was repaired in December 2022. Bland's actions simply do not evidence deliberate indifference to Bland's serious medical needs. Pitchford's opinion that he should have had his hernia repaired sooner constitutes a disagreement with Bland's treatment decisions that fails to rise to the level of a constitutional violation. Bland is therefore entitled to summary judgment as a matter of law.

## V. Conclusion

For the reasons stated herein, Bland's motion for summary judgment (Doc. No. 30) is GRANTED and Pitchford's claims against her are DISMISSED WITH PREJUDICE.

DATED this 31st day of August, 2026.

UNITED STATES MAGISTRATE JUDGE